IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) vs. ) ) SIMING YANG, et al., ) ) Defendants. ) | Case No. 12 C 2473 |

**ORDER ON DEFENDANTS' MOTION TO PRESENT
TRIAL TESTIMONY BY VIDEO CONFERENCE**

This case is set for trial during the first week of January 2014. The Court set the trial date on November 19, 2013, a few days after it denied defendants' motion for summary judgment. At the final pretrial conference, held on December 20, 2013, defendants raised the issue of presenting testimony of certain witnesses by video from other locations, primarily the People's Republic of China. Plaintiff objected, and the Court raised certain concerns as well and requested briefs.

Defendant formally moved on December 23, 2013 to permit video testimony from four witnesses. Three of them, Caiyin Fan (also a named defendant who has not appeared or responded to the complaint), Zhen Lin He, and Leslie Lu, live in China. The fourth, Judy Hu, lives in New York City but "is almost nine months pregnant." Defs.' Motion ¶ 5. Plaintiff opposes defendants' motion.

Federal Rule of Civil Procedure 43(a) provides that

> [a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules

adopted by the Supreme Court provide otherwise.  For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a).  The advisory committee notes to Rule 43(a) provide guidance what may constitute "good cause in compelling circumstances with appropriate safeguards":

> Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances.  The importance of presenting live testimony in court cannot be forgotten.  The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.  Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.
>
> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place.  Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other—and perhaps more important—witnesses might not be available at a later time.
>
> Other possible justifications for remote transmission must be approached cautiously.  Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses.  Deposition procedures ensure the opportunity of all parties to be represented while the witness is testifying. An unforeseen need for the testimony of a remote witness that arises during trial, however, may establish good cause and compelling circumstances.  Justification is particularly likely if the need arises from the interjection of new issues during trial or from the unexpected inability to present testimony as planned from a different witness.
>
> Good cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission.  The court is not bound by a stipulation, however, and can insist on live testimony.  Rejection of the parties' agreement will be influenced, among other factors, by the apparent importance of the testimony in the full context of the trial.

2

> A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.  Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying.
>
> . . .
>
> Safeguards must be adopted that ensure accurate identification of the witness and that protect against influence by persons present with the witness.  Accurate transmission likewise must be assured.
>
> Other safeguards should be employed to ensure that advance notice is given to all parties of foreseeable circumstances that may lead the proponent to offer testimony by transmission. Advance notice is important to protect the opportunity to argue for attendance of the witness at trial. Advance notice also ensures an opportunity to depose the witness, perhaps by video record, as a means of supplementing transmitted testimony.

Fed. R. Civ. P. 43, 1996 advisory committee notes.

**1.      Subjects of the witnesses' testimony**

Defendants describe the anticipated subjects of these witnesses' testimony as follows.  Caiyin Fan is identified as the "primary" account holder on a brokerage account on which defendant Yang is identified as the "secondary" account holder.  Yang is charged with making or causing trades through this account in violation of the securities laws, on the basis that the trades involved illegal insider trading and that they involved "front running" larger trades being made by Yang's company Prestige Trade Investments Ltd.  Yang has testified that Fan made the trades, and one assumes that Fan, if she testifies, will support Yang's statements.  Defendants say that Yang "will testify about the formation of the . . . account and the trades in the account" and "will corroborate that Yang did not have an ownership interest in the securities in the

3

account." Defs.' Motion ¶ 2. Defendants did not take or seek to take Fan's deposition during the period for discovery in this case.

Zhen Lin He is said to have traveled with Yang to observe the retail operations of Zhongpin, the entity whose stock and options Yang is alleged to have traded illegally. According to defendants, He has photographs of some of Zhongpin's establishments on his camera and will testify about the due diligence that Yang conducted before purchasing Zhongpin securities. Defendants say that He's testimony will "corroborate[ ] that the Zhongpin securities were purchased only after due diligence, and that purported illegal insider information had nothing to do with the purchases." *Id.* ¶ 3. Defendants did not take or seek to take He's deposition during the period for discovery.

Leslie Hu will also render testimony regarding Yang's due diligence regarding Zhongpin. His deposition was taken during discovery.

Finally, Judy Hu lives in New York City but, as previously noted, is pregnant and is expected to give birth soon. She worked at an investment bank during the relevant period and would testify that she had repeated correspondence with Yang concerning Zhongpin prior to the trades in question. Defendants say that her testimony, like that of Hu and He, will corroborate Yang's contention that the alleged inside information had nothing to do with the purchases in question. *Id.* ¶ 5.

**2.      Grounds asserted as "good cause in compelling circumstances"**

Defendants say that the three witnesses who reside in China are attempting to make travel plans to come to Chicago to testify. *Id.* ¶ 1. They argue that the Court should permit them to testify via video conference from Hong Kong, to which they apparently can travel without difficulty, for the following reasons:

> Defendants anticipate . . . that it may not be possible to have one or more of these witnesses present for the trial. This is primarily due to the challenges for a citizen of the People's Republic of China to obtain a travel visa to the United States. For example, it appears that these witnesses would have to deposit a significant amount of funds in a bank account prior to obtaining a visa for travel.

*Id.* Defendants further state that Fan is "trying to make travel arrangements" to come to trial but "the visa process is challenging and she may be unable to attend the trial." *Id.* ¶ 2. They say that He "has also looked into the possibility of traveling to the United States for trial, and has reported that he may not be able to obtain the appropriate paperwork to travel to the United States." *Id.* ¶ 3. As to Lu, defendants say that he "is involved with the care of his terminally ill father." *Id.* ¶ 4. Defendants provide no further details about any of this, and they support none of it by affidavits from the witnesses, documentation, or any other evidence (such as specific information regarding the requirements for obtaining a visa). They add nothing in their reply brief, except for the following statements regarding Fan and Lu: "Caiyin Fan is making efforts to travel to the United States and defense counsel is optimistic that she will appear live," and Lu "is taking care of his elderly, ill father in China and cannot travel at this time." Defs.' Reply at 2.

**3. Judy Hu**

Plaintiff does not object to presentation of the testimony by Hu (who lives in New York City) under the terms and conditions proposed by defendants. The Court approves this request because it has been sufficiently established that she *cannot* travel due to the advanced stage of her pregnancy, a factor that defendants could not have anticipated during the period for fact discovery, which ended more than nine months ago. The Court's approval is, however, conditioned on defendants promptly making the

necessary logistical arrangements with court staff (specifically, courtroom technology administrator Joseph Novak) and on the compatibility of the court's video conferencing equipment with the equipment that is available at the proposed remote location in New York City. In addition, a person duly authorized to administer oaths must be present at the location in New York City where Hu will appear to testify and will be required to verify that no one else is present during the course of her testimony and that she does not confer with anyone during the course of her testimony. The parties are also expected to agree upon and make appropriate arrangements to have any exhibits that will be shown to Hu present and available at the location where she will appear to testify.

**4.     Caiyin Fan, Zhen Lin He, and Leslie Lu**

As to witnesses Fan, He, and Lu, defendants have failed to make a persuasive showing of "good cause in compelling circumstances" as required by Rule 43(a). There are, to be sure, cases in which courts have found it appropriate to permit witnesses who reside abroad to testify by video conference. *See, e.g., El-Hadad v. United Arab Emirates*, 496 F.3d 658, 668-69 (D.C. Cir. 2007); *Lopez v. Miller*, 915 F. Supp. 2d 373, 396 (E.D.N.Y. 2013). But in *Lopez*, the opposing party "[did] not contest the propriety of the videoconference." *Lopez*, 915 F. Supp. 2d at 396 n.9. And in *El-Hadad*, "before permitting the testimony, the district court insisted that El-Hadad prove he had pursued and repeatedly been denied a visa to the United States." *El-Hadad*, 496 F.3d at 669. No similar showing, or anything close to it, has been made here. Among other things, defendants have offered no evidence regarding any efforts by any of these witnesses to obtain a visa or that any of them has been denied a visa or has not succeeded in

6

obtaining one, let alone why.  In addition, defendants make a vague and unsupported claim that to obtain a visa, a Chinese citizen must post funds, but they do not say how much and do not attempt to establish that the sum is prohibitively expensive for any of the witnesses in question.

Undue expense associated with international travel may, in some circumstances, qualify as good cause, *see Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010), but in *Lopez*, the parties seeking to testify remotely established that they were impecunious and thus could not reasonably be expected to travel to the United States to testify.  *See id.*  Defendants have made no attempt to make such a showing here.

The Court also notes that assuming there are, in fact, insurmountable obstacles obtaining a visa to travel to the United States or that travel is prohibitively expensive for one or more of these witnesses, all of that certainly was known, or at least knowable with due diligence, while discovery was proceeding.  Hu's deposition was taken, and her deposition testimony can be offered at trial—as it can for any witness who, for whatever reason, is unable to appear or beyond the subpoena power.  As to Fan and He, because the circumstances that constitute the purported obstacles to their appearance were known or knowable, defendants could have taken the steps necessary to obtain their testimony via deposition while fact discovery was still open.  As the advisory committee notes to Rule 43(a) state, "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial *for unexpected reasons*," and "[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in

7

showing good cause and the compelling nature of the circumstances." Fed. R. Civ. P. 43, 1996 advisory committee notes (emphasis added).

The Court acknowledges the potential importance of the testimony of the two witnesses who reside in China whose depositions were not taken, but the importance of their testimony was no doubt known to defendants long ago (and Fan's non-appearance as a defendant likewise was known long ago). This ought to have spurred defendants to take the appropriate steps to take and preserve their testimony far sooner than the eve of trial.[1] *See, e.g., Rodriguez v. SGLC, Inc.*, No. 2:08-cv-01971, 2012 WL 3704922, at *3 (E.D. Cal. Aug. 24, 2012) ("[T]he circumstances confronting Plaintiffs can hardly be construed as unforeseen.").

## Conclusion

For the reasons stated in this order, the Court grants in part and denies in part defendant's motion to present trial testimony by video conference [dkt. no. 228]. The motion is granted as to Judy Hu, subject to the conditions stated in this order. The motion is otherwise denied.

                                                                                                    _____
                                                                                                     MATTHEW F. KENNELLY
                                                                                                     United States District Judge

Date: December 31, 2013

---

[1] The Court is willing to entertain a prompt renewed request by defendants to present the testimony of Fan and Lu by video conference if defendants can cure the deficiencies identified in this order and can overcome the other arguments asserted by plaintiff.