**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12 C 2473** |
| | ) | |
| **SIMING YANG and PRESTIGE TRADE INVESTMENTS LTD.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**INSTRUCTIONS TO THE JURY**</u>

Date:  January 13, 2014

Members of the jury, you have seen and heard all the evidence, and you are about to hear the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them. You must also continue to follow the instructions that I gave you at the start of the trial that you may not communicate about the case or about people involved in the case with anyone other than your fellow jurors until after you have returned your verdict.

Perform these duties fairly and impartially. Each party to the case is entitled to the same fair consideration. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, age, or sex.

Nothing I am saying now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence. Certain testimony was presented by the reading of depositions. You should give this testimony the same consideration that you would give it if the witnesses had appeared and testified in court.

In determining whether any fact has been proved, you should consider all of the evidence bearing on that fact, regardless of who offered the evidence.

You must make your decision based on what you recall of the evidence. You will not have a written transcript of the testimony to consult.

Certain things are not evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes anything you may have seen or heard in the press or on radio, television, or the Internet. None of this is evidence, and your verdict must not be influenced by it in any way.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

In addition, any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we sometimes look at one fact and conclude from it that another fact exists.  In law we call this an "inference."   You are allowed to make reasonable inferences, so long as they are based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

You are to consider both direct and circumstantial evidence.  The law allows you to give equal weight to both types of evidence, but it is up to you to decide how much weight to give to any evidence in the case.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the reasonableness of the witness's testimony in light of all the evidence in the case; and

- any inconsistent statements or conduct by the witness.

You have heard a witness, Anthony Balzanto, who gave opinions about certain subjects.  You do not have to accept this witness's testimony.  You should judge it in the same you judge the testimony of any other witness.  In deciding how much weight to give to this testimony, you should consider the witness's qualifications, how he reached his opinions, and the factors I have described for determining the believability of testimony.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You may find the testimony of one witness or a few witnesses to be more persuasive than the testimony of a larger number of witnesses. You need not accept the testimony of the larger number of witnesses.

**The parties and the claims**

The plaintiff in this case is the United States Securities and Exchange Commission, an agency of the federal government.  I will refer to it as the "SEC."  The defendants are Siming Yang and Prestige Trade Investments Limited, which I will refer to as "Prestige."

A corporation such as Prestige may act only through natural persons as its agents or employees.  Agents or employees of a corporation may bind the corporation by their acts and statements made while acting within the scope of their authority delegated to them by the corporation, or within the scope of their duties as agents or employees of the corporation.

In this case, the SEC has made claims against Mr. Yang and Prestige concerning trading in stock and stock options in a company called Zhongpin, Inc.  First, the SEC contends that Mr. Yang and Prestige made trades on the basis of significant inside information regarding Zhongpin and that they knew or recklessly disregarded that it was improper for them to have this information.  Second, the SEC contends that Mr. Yang made personal trades in Zhongpin stock and options knowing that he was about to make large trades in Zhongpin stock on behalf of Prestige and thus attempted to profit personally from Prestige's trading.  Third, the SEC contends that Mr. Yang filed a false disclosure form with the SEC regarding his trades in Zhongpin stock and options.  Fourth, the SEC contends that Mr. Yang committed a fraud in connection with his filing of the disclosure form with the SEC.

Mr. Yang and Prestige deny the SEC's contentions.  First, they contend that Mr. Yang's and Prestige's trades were based on research that Mr. Yang conducted

8

regarding Zhongpin, and not on improper inside information.  Second, Mr. Yang contends that he made no personal trades in Zhongpin stock or options.  Third, Mr. Yang contends that the disclosure form that he caused Prestige to file with the SEC was truthful.

The SEC has the burden of proving its claims by a preponderance of the evidence.  When I say that the SEC has to prove something by a preponderance of the evidence, I mean that the SEC must prove that the particular proposition is more likely true than not true.

**First claim – insider trading**

The SEC's first claim is that Mr. Yang and Prestige engaged in what is sometimes called "insider trading" in connection with their purchases of stock and options in Zhongpin Inc.  Mr. Yang and Prestige deny the SEC's claim.  You must consider each defendant separately.

To prevail on this claim, the SEC must prove each of the following elements by a preponderance of the evidence as to the particular defendant you are considering:

1.      The defendant knowingly received material, non-public information concerning the impending privatization of Zhongpin Inc.

2.      The defendant knew that the information was obtained improperly, through breach of a duty that the source of the information had to maintain the confidentiality of the information.

3.      The defendant knowingly used the information for his or its own benefit to trade in the stock or options of Zhongpin Inc.

4.      The defendant's conduct was in connection with the purchase of a security.

5.      The defendant used or caused the use of the mail, a telephone, another instrument of interstate commerce, or a national securities exchange in connection with the purchase.

I will provide definitions of a number of these terms in a moment.

## Second claim – front running

The SEC's second claim is that Mr. Yang engaged in what is sometimes called "front running" in connection with his purchases of stock and options in Zhongpin Inc. for his own account   Mr. Yang denies the SEC's claim.

To prevail on this claim, the SEC must prove each of the following elements by a preponderance of the evidence:

1.      While acting as an investment adviser to Prestige, Mr. Yang either: (a) employed a device, scheme, or artifice to defraud Prestige or its clients, or (b) engaged in transactions, practices, or courses of business that operated as a fraud or deceit upon Prestige or its clients.

2.      Mr. Yang acted knowingly.

3.      Mr. Yang's conduct was in connection with the purchase of a security.

4.      Mr. Yang used or caused the use of the mail, a telephone, another instrument of interstate commerce, or a national securities exchange in connection with the purchase.

For purposes of the first element, the following definitions apply.

Investment adviser:  An investment adviser is someone who receives compensation for engaging in the business of advising others in purchasing or selling securities.

Employing a device, scheme or artifice to defraud or engaging in transactions, practices, or courses of business that operated as a fraud:  This element requires that Mr. Yang knowingly purchased stock or options of Zhongpin for his personal account before purchasing Zhongpin stock for Prestige and that Mr. Yang did so to obtain a

personal financial benefit without disclosing to Prestige the purchases and the conflict of interest created by the purchases.

I will provide definitions of certain other terms used in this instruction in a moment.

**Third claim – false SEC filing (1)**

The SEC's third claim is that Mr. Yang filed a false disclosure form with the SEC called a "Schedule 13D." Mr. Yang denies the SEC's claim.

To prevail on this claim, the SEC must prove each of the following elements by a preponderance of the evidence:

1.      Mr. Yang filed or caused someone else to file a Schedule 13D form with the SEC concerning Prestige's purchase of the stock of Zhongpin Inc.

2.      The Schedule 13D form falsely stated that during the previous 60 days, no transactions in the common stock of Zhongpin Inc. had been effected by any "Reporting Person," a term that included Mr. Yang.

3.      This false information was material. I will provide a definition of the term "material" in a moment.

**Fourth claim – false SEC filing (2)**

The SEC's fourth claim also concerns the Schedule 13D form.  In this claim, the SEC alleges that Mr. Yang committed a fraud in connection with his filing of the Schedule 13D form.  Mr. Yang denies the SEC's claim.

To prevail on this claim, the SEC must prove each of the following elements by a preponderance of the evidence:

1.     Mr. Yang filed or caused someone else to file a Schedule 13D form with the SEC concerning Prestige's purchase of the stock of Zhongpin Inc.

2.     The Schedule 13D form falsely stated that during the previous 60 days, no transactions in the common stock of Zhongpin Inc. had been effected by any "Reporting Person," a term that included Mr. Yang.

3.     Mr. Yang knew that this statement was false.

4.     Mr. Yang's actions occurred in connection with the purchase of a security.

5.     Mr. Yang used or caused the use of the mail, a telephone, another instrument of interstate commerce, or a national securities exchange in connection with filing or causing the filing of the Schedule 13D form with the SEC.

I will provide definitions of a number of these terms in a moment.

**Definitions**

I will now define a number of the terms that I have used in the preceding instructions.

Material:  Information is material if, under the circumstances, there is a substantial likelihood that a reasonable investor would view the disclosure of the information as significantly altering the total mix of available information regarding Zhongpin Inc.

Non-public:  Information is non-public if it was, at the relevant time, not available to the investing public and had not been disclosed in a manner sufficient to ensure its availability to the investing public.

Know / Knowingly:  A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, or if he acts with severe recklessness.  A person acts with severe recklessness if he engages in highly unreasonable conduct that is an extreme departure from the standard of ordinary care, in that he knew of the risk or the risk was so obvious that he must have been aware of it.

To prove that a defendant acted knowingly or with severe recklessness, it is not enough to prove that the defendant acted negligently, mistakenly, or accidentally.

A person's state of mind may be inferred from his words, conduct, and acts, and from the surrounding circumstances.

In connection with:  Conduct is considered to be in connection with the purchase of a security if there is some connection or relation between the conduct and the purchase of a security.

15

<u>Use of mail / telephone / instrument of interstate commerce / national securities exchange</u>:  For Claims 1 and 2, this element requires the use of one of these means in some phase of the defendant's purchase of the security.  For Claim 4, this element requires the use of one of these means in some phase of the defendant's filing of the Schedule 13D form with the SEC.

The use of the particular means need not be central to the defendant's conduct and may be entirely incidental to the defendant's conduct.  The plaintiff is not required to prove that the defendant was directly or personally involved in the use of the particular means but must prove that the defendant knew or reasonably could foresee that his actions would naturally and probably result in the use of the mail, telephone, other instrument of interstate commerce, or a national securities exchange.

**Final instructions**

Once you are all in the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard.  You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury.  You may not communicate with others about the case or your deliberations by any means.  This includes oral or written communication, as well as any electronic method of communication, such as by using a telephone, cell phone, smart phone, iPhone, Blackberry, an Android device, or a computer; by using text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, GooglePlus, YouTube, Twitter; or by using any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer.  The note should be signed by the presiding juror or by one or more members of the jury.  To have a complete record of this trial, it is important that you not communicate with me except by a written note.  I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

If you send me a message, do not include the breakdown of your votes.  In other words, do not tell me that you are split 6-5, or 8-3, or whatever your vote happens to be.

A verdict form has been prepared for you.  You will take this form with you to the jury room.

[Explain the verdict form.]

When you have reached unanimous agreement, your presiding juror will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict.  When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts.

## VERDICT FORM

We, the jury, unanimously find as follows on the claims of the plaintiff, the

Securities and Exchange Commission, against the defendants, Siming Yang and

Prestige Trade Investments Limited:

### First Claim (insider trading):

(Indicate the finding by marking "x" on the appropriate box for each defendant.)

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| Siming Yang | _____ | _____ |
| Prestige Trade Investments Ltd. | _____ | _____ |

### Second claim (front running):

_____  For plaintiff Securities and Exchange Commission

_____  For defendant Siming Yang

### Third claim (false SEC filing - 1):

_____  For plaintiff Securities and Exchange Commission

_____  For defendant Siming Yang

### Fourth claim (false SEC filing - 2):

_____  For plaintiff Securities and Exchange Commission

_____  For defendant Siming Yang

Please sign and date this form on the next page.

Please sign and date this form below:


_____       _____

Presiding juror


_____       _____


_____       _____


_____       _____


_____       _____


_____       _____


Date:  January \_\_\_, 2014